Case No. 04-60242

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

LUIS ENRIQUE ALARCON-CHAVEZ,

Petitioner,

v.

JOHN ASHCROFT,

U. S. ATTORNEY GENERAL,

Respondent.

_____

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

_____

PETITIONER'S OPENING BRIEF

_____

DANIEL M. KOWALSKI
111 Congress Avenue, Fourth Floor
Austin, TX  78701
Telephone:  (512) 370-3155
Facsimile:   (512) 692-2621

Attorney for Petitioner

## CERTIFICATE OF INTERESTED PARTIES

Undersigned counsel for Petitioner hereby certifies that the following listed persons and entities have an interest in the outcome of this case; these representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

1.    Petitioner Luis Enrique Alarcon-Chavez;

2.    Immigration Judge John D. Carte, San Antonio;

3.    INS (now DHS) counsel Allen Reid Tilson;

4.    Petitioner's hearing counsel, Henry Cruz;

5.    BIA panel member Gerald S. Hurwitz; and

6.    undersigned counsel, Daniel M. Kowalski.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument unless requested by Respondent or ordered by the Court. There being no statute, regulation, case or policy supporting the government's position in this matter, oral argument would be superfluous.

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION.....................................................5

STATEMENT OF ISSUE PRESENTED FOR REVIEW...................6

STATEMENT OF CASE...................................................................6

STATEMENT OF FACTS.................................................................7

SUMMARY OF ARGUMENT...........................................................7

ARGUMENT....................................................................................7

CONCLUSION................................................................................15

CERTIFICATE OF COMPLIANCE................................................16

CERTIFICATE OF SERVICE.........................................................17

# TABLE OF AUTHORITIES

**Cases**

*De Morales v. INS*, 116 F. 3d 145 (5th Cir. 1997) ........................................................ 12

*Jerezano v. INS*, 169 F. 3d 613 (9th Cir. 1999) ......................................................... 9

*Lopez-Gomez v. Ashcroft*, 263 F.3d 442 (5th Cir. 2001.) .............................................. 8

*Matter of J-P-*, 22 I. & N. Dec. 33 (BIA 1998) ......................................................... 11

*Matter of S-A-*, 21 I. & N. Dec. 1050 (BIA 1997) ...................................................... 11

*Matter of W-F-*, 21 I. & N. Dec. 503 (BIA 1996) ...................................................... 11

*Nazarova v. INS*, 171 F. 3d 478 (7th Cir. 1999) ...................................................... 9

*Soadjede v. INS*, 324 F.3d 830 (5th Cir. 2003) ........................................................... 8

**Statutes**

8 U.S.C. § 1252(a)(1) ...................................................................................................... 6

INA § 240(b)(5)(C)(i) ...................................................................................................... 11

INA § 240(e)(1) ............................................................................................................... 11

**Rules**

8 C.F.R. § 1003.1(e)(4) .................................................................................................... 5

## STATEMENT OF JURISDICTION

Petitioner Luis Enrique Alarcon-Chavez ("Luis") is seeking judicial review of a final agency determination by the Board of Immigration Appeals ("BIA"), which issued an order pursuant to 8 C.F.R. § 1003.1(e)(4) that affirmed, without opinion, the decision of the Immigration Judge ("IJ.")  The IJ denied a motion to rescind his *in absentia* order of removal.

This Court has subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  Luis was placed in removal proceedings by issuance of a Notice to Appear ("NTA") dated March 14, 2002.  (A.R. 353-354.)  IJ Carte issued his *in absentia* order on January 30, 2003.  (A.R. 74-75, copy attached.)  A detailed Motion to Rescind, with detailed affidavits, was timely filed.  (A.R. 58-73.)  The IJ denied the motion in a three-page "check the box" format.  (A.R. 51-53.)  An unusually detailed Notice of Appeal to the BIA was timely filed.  (A.R. 38-42.)  Luis filed a detailed brief.  (A.R. 5-21.)  The INS filed a one-sentence "brief."  (A.R. 27-28.)  The BIA issued its order, affirming without opinion.  (A.R. 1-2, copy attached.)  This petition for review was timely filed.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

Whether the IJ violated Luis' constitutional, statutory, and regulatory rights, and abused his discretion, in denying Luis' Motion to Rescind the *in absentia* order of removal.

## STATEMENT OF THE CASE

Petitioner is a Cuban who affirmatively approached DHS officers at the border at Brownsville, Texas, in 2002 for the purpose of applying for asylum.  (He has *no* criminal record.)  He was paroled out of custody on his own recognizance.  He *passed* his "credible fear" interview.  He appeared *with counsel* in several preliminary hearings in Immigration Court in San Antonio, always on time or early.

But due to a driver unfamiliar with the freeway exits in San Antonio, Petitioner arrived at his final hearing a mere 20 minutes late.  By that time Immigration Judge John D. Carte had already ordered Petitioner removed *in absentia*.

Upon his arrival, 20 minutes late, Petitioner, his counsel, and government counsel advised Judge Carte that Petitioner had arrived and was ready to proceed.  Judge Carte refused to resume the hearing, *even though he had nothing else scheduled* for that time slot that day.

Petitioner filed a formal Motion to Reopen, supported with affidavits.  Judge Carte denied the Motion by merely checking a series of boxes on a form.  The government attorney, Allen Reid Tilson, in his one-sentence brief to the BIA, stated that the government adopts the Immigration Judge's "well-

written and well-reasoned decision." But there was no writing, no reasoning, just a check-off.

Petitioner appealed the denial of the Motion to Reopen to the BIA and specifically asked that the appeal be adjudicated by a three-member panel. The Board, however, rubber-stamped Judge Carte's decision by a single-member panel (Gerald S. Hurwitz) in an "AWO" (affirmance without opinion) under Attorney General Ashcroft's "streamlining" initiative.

## STATEMENT OF FACTS

The facts are as stated in the Petition for Review, the Statement of Jurisdiction, above, and the Statement of the Case, above. The facts are uncontested, uncontroversial, and clear.

## SUMMARY OF ARGUMENT

There is no statute, regulation, or case, reported or unreported, from any agency or any circuit, in support of Judge Carte's denial of Luis' motion to rescind Judge Carte's *in absentia* order and reopen the hearing.

## ARGUMENT

Arriving 20 minutes late to a hearing is not a "failure to appear," given the facts of this case; in the alternative, if the late arrival is deemed a "failure to appear," the facts of this case presented "exceptional circumstances" sufficient to permit reopening.

A.    <u>Standard of Review</u>

In a "streamlining" case, such as this one, in which the BIA merely rubber-stamps the IJ decision without analysis, the Court reviews the IJ decision. *Soadjede v. INS*, 324 F.3d 830 (5th Cir. 2003).

The Court reviews factual findings for substantial evidence, and questions of law *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442 (5th Cir. 2001.)

B.    Discussion

As stated above, there is no statute, regulation, case or policy supporting the government's position in this matter. Most cases can be fairly argued either way, but this case is the rare exception in which one side - Petitioner's - clearly prevails.

Luis did not "fail to appear" due to his failure to arrive at his hearing on time. A respondent who, after receiving proper notice, fails to appear at his proceeding may be ordered removed *in absentia* if the Service establishes by clear, unequivocal and convincing evidence that proper notice was provided and that respondent is removable. INA § 240(b)(5)(A). Arriving slightly late for a hearing does not necessarily mean that a respondent has failed to appear for his hearing. See *Jerezano v. INS*, 169 F. 3d 613, 615 (9th Cir. 1999) (respondent arriving 15 to 20 minutes late while IJ was still on bench did not constitute a failure to appear). Under appropriate circumstances, there may be justification for proceeding with respondent's case after a tardy arrival. *Id.* (IJ still on bench and delay was short). To treat such a late arrival as a failure to appear is an abuse of discretion and deprives the respondent of his due process right to a full and fair hearing. *Id.*; See also *Nazarova v. INS*, 171 F. 3d 478, 485 (7th Cir.

1999). There is clearly a difference between a failure to appear and a failure to arrive at exactly the appointed hour. See *Nazarova*, above, at 485 (noting with disfavor a court's refusal to distinguish the two concepts). A brief and reasonable delay was not intended to constitute a failure to appear under § 240(b)(5)(A) of the Act. *Id*

.

Luis was scheduled for an Individual hearing on January 30, 2003 at 8:30 a.m. in San Antonio, Texas. Luis, coming from Austin, Texas, arrived in San Antonio, Texas at approximately 8 a.m. He had always arrived early at his previous hearings, but his uncle drove him to those hearings. On the morning of his Individual hearing, his uncle had to work and no one else could drive Luis. Driving himself to a hearing for the first time, Luis came to a confusing exit on the highway, whereupon he took the wrong exit. After realizing he was heading in the wrong direction, Luis turned around and headed back towards the highway. He arrived at the courthouse at 8:44 a.m., at the time when the Immigration Judge entered his removal order and thus was still on the bench. A few minutes later, at approximately 8:50 a.m., Luis arrived in the courtroom.

Luis' delay was brief and reasonable. He arrived at the courtroom 20 minutes late. He was at the courthouse when the Immigration Judge was still on the bench. Considering the location of the judge when Luis arrived

at the courthouse and the period of tardiness, as well as the reasonableness of the tardiness, Luis did not fail to appear. By not proceeding with Luis' case upon his arrival, the judge deprived Luis of his due process right of a meaningful opportunity to be heard in his asylum case.[1] Therefore, the Immigration Judge's decision should be vacated and Luis' proceedings should be reopened.

Even if Luis did fail to appear, he has shown exceptional circumstances pursuant to INA § 240(b)(5)(C)(i). An immigration judge may rescind an order of removal *in absentia* upon the timely filing of a motion to reopen if the respondent demonstrates that his failure to appear was due to exceptional circumstances. INA § 240(b)(5)(C)(i). The term "exceptional circumstances" means circumstances, such as serious illness of the respondent, beyond the control of the respondent. INA § 240(e)(1). To determine whether a respondent's reason for not attending the hearing meets the definition of "exceptional circumstances," the Board uses a "totality of the circumstances" test. *Matter of W-F-*, 21 I. & N. Dec. 503 (BIA 1996) (citing H.R. Conf. Rep. No. 955, 101st Cong., 2d Sess. 132 (1990)).

---

[1] As one year has passed since Luis was paroled into the U.S., he is now eligible for adjustment of status pursuant to the Cuban Adjustment Act of 1966. The Immigration Judge's failure to reopen Luis' case also deprives him of a full and fair hearing on his adjustment application. Cubans such as Luis cannot be removed from the United States; failing to reopen the case has essentially placed Luis in a state of limbo in the U.S.

Within the "totality of the circumstances" test, the Board considers whether the evidence submitted is sufficient to support a claim of exceptional circumstances. *In re J-P-*, 22 I. & N. Dec. 33, 34 (BIA 1998). A detailed affidavit can be sufficient to support such a claim. *Id.*; see also *In re S-A-*, 21 I. & N. Dec. 1050, 1051. In *In re J-P-*, the Board held that the respondent failed to bring forth sufficient evidence of an exceptional circumstance because respondent's affidavit was not detailed nor substantiated by other evidence. *In re J-P-*, above, at 34-35. In *In re S-A-*, the Board held that respondent's general assertions, with no detail provided in his affidavit, was insufficient to excuse his absence. *In re S-A-*, above, at 1051. The Board has not held that a respondent must submit objective, corroborating proof of his claim in addition to a sufficiently detailed affidavit. *In re J-P-*, above, at 34 (Board refusing to hold that lack of supporting medical records was dispositive of respondent's claim to serious illness).

Another factor the Board considers is whether Respondent demonstrated sufficient diligence to avoid an *in absentia order* and informed the court that he had arrived for the hearing. *In re J-P-*, above, at 35-36; *In re S-A-*, above, at 1051; see also *Morales v. INS*, 116 F. 3d 145, 149 (5th Cir. 1997). The Board has found that a respondent who failed to contact the court on the day

of the hearing and failed to explain why he neglected to do so demonstrates that he lacked sufficient diligence in avoiding an *in absentia* order. *In re J-P-*, above, at 36. It is significant when the respondent fails to inform the court upon arrival that he is available for the hearing. *In re S-A-*, above, at 1051. It is also significant when the respondent fails to contact the court during a certain period of time after the scheduled hearing. *Morales*, above, at 149 (respondent failed to contact court until over two weeks after scheduled hearing).

In Luis' case, the Immigration Judge apparently gives no weight to a detailed affidavit by Luis and to a corroborating affidavit of his uncle, which is contrary to the holding of *In re J-P-*; nor does he provide any detailed factfinding. He merely finds that Luis' claim is "unsupported by evidence other than Respondent's statement." *Decision of IJ, at 2.* Luis' affidavit provides that, coming from Austin, he arrived in San Antonio at 8 a.m. He goes on to describe in detail the exit he was supposed to take and the exit he mistakenly took, along with the two signs proximity to each other, which was a factor in his taking the wrong exit. He proceeds to state that he was going in the wrong direction, but did not realize it until 10 minutes later. He then describes how he turned around and headed back in the right direction. He provides that he arrived at the courthouse at approximately 8:44 a.m. and

that he encountered the government's attorney and his own attorney upon arriving at the courtroom. He states his lack of understanding of the highway system in the U.S. and knowledge of the streets in San Antonio. He also states that his uncle, with whom he lives, usually drove him to his hearings, but the uncle had to work that morning. Luis' uncle corroborates this in his affidavit, along with Respondent's claim that he was not familiar with the highways and streets in San Antonio.

The Immigration Judge also ignored that Luis acted diligently in avoiding an *in absentia* order and informing the court of his late arrival. Luis stated that he arrived in San Antonio at 8 a.m., which shows that he gave himself plenty of time to arrive to his hearing early (as he did in all of his previous hearings). Luis did not have a cellular phone, so he could not call the court to inform that he would be late. Upon arriving, Luis' attorney informed the court's clerk that Luis was present to proceed with his hearing, but the Immigration Judge refused to proceed. Moreover, Luis filed a motion to reopen with his affidavit explaining his tardy arrival approximately one week after the order.

As Luis' detailed affidavit and his uncle's affidavit show, the combination of the proximity of the two freeway exits and his having no

choice but to drive himself to his hearing, even though he is new to the U.S. and is not familiar with the highways and streets of San Antonio, led to his taking the wrong exit, which in turn caused his late arrival. These circumstances were exceptional and indeed beyond Luis' control. Furthermore, Luis has shown due diligence in attempting to avoid an *in absentia* removal order, in promptly notifying the court when he arrived that he was ready to proceed, and in informing the court of his reasons for his late arrival. Considering the evidence in the totality of the circumstances, the Immigration Judge's findings were clearly erroneous. As such, Luis has met his met his burden and has satisfied the legal standard set forth in the cited precedents.

Transportation or traffic problems are not *per se* not exceptional circumstances.

In support of his decision, the Immigration Judge cites, without further explanation, *Matter of S-A-*, 21 I. & N. Dec. 1050 (BIA 1997). He seems to conclude that traffic or transportation problems can never be exceptional circumstances. However, *Matter of S-A-* does not hold this. Rather, the Board held that a *general assertion* that a respondent's failure to appear was caused by traffic or transportation problems would not constitute an excuse

warranting reopening respondent's case.  *Matter of S-A-*, above.  The Board's opinion leaves open the possibility that a respondent's *detailed* affidavit could warrant such a reopening of his case.  *Id.*, at 1051.  To preclude this possibility, without further explanation, was error.  In light of the evidence described above, the decision of the Immigration Judge should be reversed and the case reopened and remanded.  In the alternative, the case should be remanded for further factfinding.

## CONCLUSION

The IJ's denial of the motion to rescind his *in absentia* order and reopen the case must be reversed, and the case must be remanded for a new hearing.

Respectfully submitted,

Daniel M. Kowalski

Attorney for Petitioner

111 Congress Avenue, Fourth Floor
Austin, TX  78701
Telephone:  (512) 370-3155
Facsimile:   (512) 692-2621

Date: June 25, 2004

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2 and .3, the undersigned certifies this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7).

1.    The brief contains fewer than 3,000 words.

2.    The brief has been prepared in proportional spaced typeface in Times New Roman 14 point type.

3.    The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7), may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

_____
        Daniel M. Kowalski

CERTIFICATE OF SERVICE

I, Daniel M. Kowalski, do hereby certify that on June 25, 2004 I

served two paper copies and one electronic (PDF) copy of Petitioner's

Opening Brief and Orders Under Review, by Federal Express to:

Andrew C. MacLachlan
US Department of Justice
Civil Division Immigration
Litigation
1331 Pennsylvania Avenue, N.W.
Suite 8036N
Washington, D.C.  20004


_____
        Daniel M. Kowalski