U. S. COURT OF APPEALS
FILED

AUG 04 2004

CHARLES R. FULBRUGE III
CLERK

# DANIEL M. KOWALSKI
### Attorney & Counselor at Law
111 Congress Avenue, Fourth Floor
Austin, Texas 78701

Telephone: (512) 370-3155
Facsimile: (512) 692-2621
E-mail: DAN@CENIZO.COM
Website: CENIZO.COM

PRACTICE LIMITED TO U.S. IMMIGRATION LAW

COLORADO ATTY. REG. NO. 14643
WASHINGTON STATE ATTY. REG. NO. 30629

2 August 2004

CLERK, FIFTH CIRCUIT
U.S. COURT OF APPEALS
600 Camp Street
New Orleans, LA 70130

Re:   FRAP 28(j) letter



*Alarcon-Chavez v. Ashcroft*, Fifth Cir. No. 04-60242

Dear Clerk:

Petitioner Alarcon-Chavez, through counsel, and pursuant to FRAP 28(j), hereby brings to the Court's attention a pertinent and significant supplemental authority, *Chavez v. Ashcroft*, Ninth Cir. No. 02-71982, 2004 U.S. App. LEXIS 14994, July 19, 2004 (unpublished; copy attached.)

In that case the Ninth Circuit held that the BIA erred in upholding the IJ's denial of a motion to reopen an *in absentia* removal order when the petitioner was 15-20 minutes late to his hearing due to automobile problems.

These facts in Chavez v. Ashcroft, *supra*, mirror, to a startling degree, the facts in the instant case. The outcome should likewise be the same, *i.e.*, the Court should grant the petition for review and remand.

Respectfully submitted,

Daniel M. Kowalski
Attorney for Petitioner

1 of 9 DOCUMENTS

GUALBERTO CHAVEZ, Petitioner, v. JOHN ASHCROFT, Attorney General, * Respondent.

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. See Fed. R.App. P. 43(c)(2).

No. 02-71982

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2004 U.S. App. LEXIS 14994

July 12, 2004 ***, Submitted

*** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

July 19, 2004, Filed

**NOTICE:** [*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A70-915-797.

**DISPOSITION:** Petition for review was granted; case was remanded.

**LexisNexis(R) Headnotes**

**COUNSEL:** GUALBERTO CHAVEZ, Petitioner, Pro se, Santa Ana, CA.

For JOHN ASHCROFT, Respondent: Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA.

For JOHN ASHCROFT, Respondent: CAC-District Counsel, Esq., OFFICE OF THE DISTRICT COUNSEL, Los Angeles, CA.

For JOHN ASHCROFT, Respondent: Ronald E. LeFevre, Chief Legal Officer, OFFICE OF THE DISTRICT COUNSEL, San Francisco, CA.

For JOHN ASHCROFT, Respondent: Mark C. Walters, Esq., Stephen J. Flynn, DOJ - U.S. DEPARTMENT OF JUSTICE, Washington, DC.

**JUDGES:** Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

**OPINION:**

MEMORANDUM **

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by *Ninth Circuit Rule 36-3*.

[*2]

Gualberto Chavez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his motion to reopen deportation proceedings after he was ordered deported in absentia. We have jurisdiction pursuant to *8 U.S.C. § 1105a(a)*. We review the denial of a motion to reopen for abuse of discretion. *See Celis-Castellano v. Ashcroft, 298 F.3d 888, 890-91 (9th Cir. 2002)*. We grant the petition.

The IJ abused his discretion by denying Chavez's motion to reopen. *See Jerezano v. INS, 169 F.3d 613, 615 (9th Cir. 1999)* (holding that denying a petitioner's motion to reopen when he arrived 15 to 20 minutes late was an abuse of discretion). Chavez stated in his motion to reopen that automobile problems caused him to arrive late for his deportation hearing, although his attorney was present when the IJ ordered him deported in absentia. Chavez stated that he arrived while court was still in session, and the IJ informed him, off the record, to talk to his lawyer because he had already been ordered deported

in absentia. In light of these [*3] facts, the BIA erred in upholding the IJ's denial of Chavez's motion to reopen. *See id.*

The contention that the BIA's decision without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft, 350 F.3d 845, 851 (9th Cir. 2003)*.

**PETITION FOR REVIEW GRANTED; REMANDED.**

## CERTIFICATE OF SERVICE

I, Daniel M. Kowalski, do hereby certify that on August 2, 2004 I mailed two paper copies of Petitioner's FRAP 28(j) letter to:

Nancy E. Friedman
US Department of Justice
Civil Division Immigration
Litigation
1331 Pennsylvania Avenue, N.W.
Suite 8036N
Washington, D.C. 20004


_____
Daniel M. Kowalski