**DANIEL M. KOWALSKI**
ATTORNEY & COUNSELOR AT LAW
111 CONGRESS AVENUE, FOURTH FLOOR
AUSTIN, TEXAS 78701

TELEPHONE: (512) 370-3155
FACSIMILE: (512) 692-2621
E-MAIL: DAN@CENIZO.COM
WEBSITE: CENIZO.COM

PRACTICE LIMITED TO U.S. IMMIGRATION LAW
COLORADO ATTY. REG. NO. 14643
WASHINGTON STATE ATTY. REG. NO. 30629

22 September 2004

CLERK, FIFTH CIRCUIT
U.S. COURT OF APPEALS
600 Camp Street
New Orleans, LA 70130

Re:   Petitioner's Second FRAP 28(j) letter

   *Alarcon-Chavez v. Ashcroft*, Fifth Cir. No. 04-60242

Dear Clerk:

   Petitioner Alarcon-Chavez, through counsel, and pursuant to FRAP 28(j), hereby brings to the Court's attention a pertinent and significant supplemental authority, *Domratchev v. Ashcroft*, Ninth Cir. No. 02-74123, 2004 U.S. App. LEXIS 19561, September 20, 2004 (unpublished; copy attached.)

   In that case the Ninth Circuit held that the BIA erred in upholding the IJ's denial of a motion to reopen an *in absentia* removal order when the petitioner was 10 minutes late to his hearing.

   These facts in Chavez v. Ashcroft, *supra*, mirror, to a startling degree, the facts in the instant case. The outcome should likewise be the same, *i.e.*, the Court should grant the petition for review and remand.

Respectfully submitted,

Daniel M. Kowalski
Attorney for Petitioner

**EVGUENI IVANOVICH DOMRATCHEV, Petitioner, v. JOHN ASHCROFT, Attorney General, Respondent.**

No. 02-74123

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2004 U.S. App. LEXIS 19561

September 13, 2004 **, Submitted

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

September 20, 2004, Filed

**NOTICE:** [*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A75-485-584.

**DISPOSITION:** PETITION FOR REVIEW GRANTED AND REMANDED.

**COUNSEL:** For EVGUENI IVANOVICH DOMRATCHEV, Petitioner: James L. Rosenberg, Esq., LAW OFFICES OF JAMES L. ROSENBERG, Los Angeles, CA.

For JOHN ASHCROFT, Respondent: Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA.

For JOHN ASHCROFT, Respondent: CAC-District Counsel, Esq., OFFICE OF THE DISTRICT COUNSEL, Los Angeles, CA.

For JOHN ASHCROFT, Respondent: Ronald E. LeFevre, Chief Legal Officer, OFFICE OF THE DISTRICT COUNSEL, San Francisco, CA.

For JOHN ASHCROFT, Respondent: Peter D. Keisler, Esq., Daniel E. Goldman, Esq., DOJ - U.S. DEPARTMENT OF JUSTICE, Washington, DC.

**JUDGES:** Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

**OPINION:**

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[*2]

Evgueni Ivanovich Domratchev, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his motion to reopen removal proceedings conducted *in absentia*. We have jurisdiction under *8 U.S.C. § 1252*. We review for an abuse of discretion the BIA's denial of a motion to reopen removal proceedings, *Celis-Castellano v. Ashcroft, 298 F.3d 888, 890 (9th Cir. 2002)*. We grant the petition and remand for further proceedings.

Domratchev contends that the IJ abused her discretion in denying Domratchev's motion to reopen because he did not "fail to appear" at his removal hearing. Rather, he arrived ten minutes late while the IJ was still on the bench. We conclude that under these circumstances, Domratchev did not "fail to appear." See *Jerezano v. INS, 169 F.3d 613, 615 (9th Cir. 1999)* (holding that petitioner did not "fail to appear" where he arrived 15-20 minutes late and while the IJ was still on the bench).

Contrary to the government's contention, the statute and regulations do not require that the affidavits accompanying a [*3] motion to reopen be signed by petitioner. See *8 C.F.R. § 1003.2(c)(1)* (requiring that a motion to reopen be accompanied by "affidavits or other evidentiary material"); *8 U.S.C. § 1229a(c)(6)(B)* (same).

Accordingly, we grant the petition and remand to the BIA for remand to the IJ with direction that Petitioner be permitted to present his claims for asylum and withholding of removal. *See Jerezano, 169 F.3d at 615.*

**PETITION FOR REVIEW GRANTED AND REMANDED.**

# CERTIFICATE OF SERVICE

I, Daniel M. Kowalski, do hereby certify that on September 22, 2004 I mailed two paper copies of Petitioner's FRAP 28(j) letter to:

Nancy E. Friedman
US Department of Justice
Civil Division Immigration
Litigation
1331 Pennsylvania Avenue, N.W.
Suite 8036N
Washington, D.C. 20004

_____
Daniel M. Kowalski